Carol Y. ROBINSON, Plaintiff–Appellant,

v.

BOARD OF EDUCATION OF THE CITY OF CHICAGO, et al., Defendants–Appellees.

No. 01–4249.

United States Court of Appeals, Seventh Circuit.

Submitted June 5, 2002 *.

Decided June 14, 2002.

Before EASTERBROOK, DIANE P. WOOD, and WILLIAMS, Circuit Judges.

Order

Plaintiff Carol Robinson's suit rests on Title VII of the Civil Rights Act of 1964. She accuses the principal of the school where she taught of sexual harassment that was sufficiently severe to be sex discrimination, and of retaliation when she complained. See *Burlington Industries, Inc. v. Ellerth,* 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998). Settlement talks conducted by the district judge failed. Robinson believes that during

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f).

these talks the district judge disparaged her chances of success and thus must be biased against her claim. Less than a week before trial was to commence, Robinson filed a motion under 28 U.S.C. § 455, adding that she would not participate further in the litigation unless a new judge were assigned to the case. The judge responded with an order declining to alter the trial date and warning Robinson that her case would be dismissed if she declined to introduce evidence. On the day set for trial, Robinson carried out her threat. The judge denied from the bench Robinson's motion for recusal and gave her an opportunity to proceed with the trial, for the defendants and their witnesses were in court and anxious to have the matter resolved. When Robinson still refused, the judge dismissed the case for want of prosecution.

It was unnecessary for the judge to grant a continuance so that Robinson could seek a writ of mandamus requiring the judge to recuse herself. The trial date had been set four months in advance to allow witnesses to arrange their schedules; the judge's schedule also was congested, and a last-minute change would have done a disservice to all concerned. Robinson was free to try the case and, if she lost, to raise on appeal any claim of actual bias. See *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988). Although we normally require appearance-of-impropriety claims to be raised before trial by petition for mandamus, *O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 987 (7th Cir. 2001), we shall assume that a motion denied only on the date of trial is exempt from that requirement. See *United States v. Ruzzano*, 247 F.3d 688, 694 (7th Cir. 2001). (This assumption may be unduly favorable to Robinson; if the reason why the motion was denied on the trial date is that its filing had been unreasonably delayed, then perhaps her § 455 contention is simply forfeited.) Still, there is no possible problem here of either actual or apparent bias. A judge is free to comment about evidence that she has gleaned from the record, see *Liteky v. United States*, 510 U.S. 540, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994), and it is normal in settlement negotiations to inform each side of the weaknesses of its position. No reasonable and fully informed person (the right standard, see *Liteky*) could infer from this that the judge would fail to preside impartially at trial. Robinson also contends that no district judge appointed by President Clinton can be impartial in a sexual-harassment case. That specious argument requires no analysis. See *In re Executive Office of the President*, 215 F.3d 25 (D.C.Cir.2000).

Because the case was properly dismissed for want of prosecution, none of Robinson's other challenges to pre-dismissal decisions could affect the outcome, and we do not discuss them. Even had all of Robinson's claims and proposed lines of proof survived to the date of trial, the whole case would have been resolved just as it was. A party who does not agree with a judge's rulings must litigate the case to conclusion and appeal from any adverse decision. By taking matters into her own hands, Robinson forfeited all of her claims.

AFFIRMED